**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 14-4048**

—————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAVIER NAVA VALLE,

                Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00164-TDS-2)

—————

Submitted: June 5, 2014           Decided: June 11, 2014

—————

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Nava Valle ("Valle") pled guilty pursuant to a plea agreement to one count of possession with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012). The district court sentenced Valle to eighty-seven months' imprisonment.[*]

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Valle's guilty plea. Valle was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

Because Valle did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524–27 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

---

[*] Valle was eligible for relief under the safety valve, 18 U.S.C. § 3553(f) (2012), and thus was not subject to the statutory minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A).

2

In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Valle's guilty plea and that the court's omissions did not affect Valle's substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact, and that Valle entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Valle's guilty plea.

Additionally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Valle, in writing, of the right to petition the Supreme Court of the United States for further review. If Valle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Valle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED